**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PENNEAST PIPELINE COMPANY, LLC,<br>One Meridian Boulevard, Suite 2C01<br>Wyomissing, PA 19610<br><br>Plaintiff,<br><br>vs.<br><br>A PERMANENT EASEMENT FOR 2.12 ACRES ± AND TEMPORARY EASEMENT FOR 3.15 ACRES ± IN KINGWOOD TOWNSHIP, HUNTERDON COUNTY, NEW JERSEY, TAX PARCEL NO. 1016-5-6;<br><br>GAETANO M. DESAPIO, JERSEY CENTRAL POWER & LIGHT COMPANY, COUNTY OF HUNTERDON;<br><br>AND ALL UNKNOWN OWNERS,<br><br>Defendants. | CIVIL ACTION<br><br>Docket No. 3:18-cv-01809-BRM-DEA<br><br>**Electronically Filed** |

**ORDER**

**THIS MATTER** is before the Court on Plaintiff PennEast Pipeline Company, LLC's ("PennEast") application for an order of condemnation and an order granting preliminary injunctive relief under the federal power of eminent domain pursuant to the Natural Gas Act ("NGA"), 15 U.S.C. § 717f(h), granting

PennEast immediate access to and possession of the rights of way ("Rights of Way") as defined in the Verified Complaint in Condemnation of Property Pursuant to Federal Rule of Civil Procedure 71.1, for the purpose of "constructing, operating, and maintaining a natural gas transmission pipeline and appurtenant facilities (part of an interstate natural gas transmission system) and conducting all other activities required by the Order of the Federal Energy Regulatory Commission dated January 19, 2018, FERC Docket No. CP15-558-000 ('FERC Order')" (*See* Exhibit B to Verified Complaint). PennEast's request is made in advance of any award of just compensation.

In response thereto, upon the request of PennEast, and for good cause appearing, the Court entered an Order to Show Cause ordering Defendants to show cause why an order for condemnation should not be granted. Having heard the arguments of the parties pursuant to Federal Rule of Civil Procedure 78(a), and having carefully reviewed the numerous submissions filed in support of and in opposition to PennEast's application and in response to the Order to Show Cause, for the reasons set forth in the Court's Opinion dated December 14, 2018, and for good cause shown, the Court **DENIED** the Defendants' requests for dismissal and opposition to PennEast's application and **GRANTED** PennEast's application for an order of condemnation and for preliminary injunctive relief allowing immediate possession of the Rights of Way in advance of any award of just compensation,

It is now **ORDERED** as follows:

**ORDERED** that PennEast has the substantive right to condemn a permanent Right of Way and temporary easement interests to be taken on the subject property located at 85 Ridge Road, in Kingwood Township, Hunterdon County, New Jersey, described in a Deed dated April 30, 2007 recorded in Hunterdon County at Book 2182, Page 200 and known as Tax Parcel Number 1016-5-6 are depicted in the plat drawing attached to this Order as Exhibit A (the "Plan"), consisting of the following:

a. A permanent right of way and easement of 2.12 acres ± for the purpose of constructing, operating, maintaining, repairing, reducing the size of, replacing and removing a 36-inch diameter pipeline and all related equipment and appurtenances thereto as approved by FERC (including but not limited to meters, fittings, tie-overs, valves, cathodic protection equipment and launchers and receivers) for the transportation of natural gas only as set forth in the FERC Order; and conducting all other activities only as set forth in the FERC Order together with all rights and benefits necessary for the full enjoyment and use of the right of way and easement. Further, Defendants shall not excavate, change the grade of or place any water impoundments or structures on the right of way and easement without the written consent of Plaintiff, nor may Defendants plant any trees, including trees considered as a growing crop, on the permanent right of way and easement; or use said permanent right of way or any part thereof in such a way as to interfere with Plaintiff's immediate and unimpeded access to said permanent right of way, or otherwise interfere with Plaintiff's lawful exercise of any of the rights herein granted without first having obtained Plaintiff's approval in writing; and Defendants will not permit others to do any of said acts without first having obtained Plaintiff's approval in writing. Within the Right of Way, Plaintiff shall have the right from time to time at no additional cost to Defendants and conditioned upon FERC's issuance of a notice to proceed to cut and remove all trees including trees considered as a growing crop, all undergrowth and any other obstructions that may injure, endanger or interfere with the construction and use of said pipeline and all related equipment and

appurtenances thereto. The permanent easement depicted on the Plan attached hereto as Exhibit "A" shall be referred to as the "Right of Way";

b. A temporary workspace easement totaling 3.15 acres ± as described on Exhibit A for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all other activities required by the FERC Order. The temporary workspace easements depicted on the Plan attached hereto as Exhibit "A" shall be referred to as the "Workspace Easement"; and

c. Permanent rights of ingress to and egress from the permanent Right-of-Way, meaning that PennEast shall enter and exit the property where the easements meet the edge of the property and may not traverse the property beyond the easements without owner consent;

and it is further

**ORDERED** that for the purpose of the foregoing clauses governing PennEast's interest in the permanent rights of way and temporary easements, the term "Defendants" shall not include Defendant Jersey Central Power & Light Company; and it is further

**ORDERED** that PennEast shall post security in the form of a surety bond into the Court's Registry pursuant to Local Civil Rule 67.1(a) in the amount of $58,200.00 which is three times the appraised value, i.e., $19,400.00, for the Rights of Way as determined by the independent appraiser retained by Penn East; and it is further

**ORDERED** that, upon PennEast's post of appropriate security, PennEast is authorized to immediately enter and take possession of the Rights of Way and

Workspace Easement for all purposes allowed under the FERC Order, and it is further

**ORDERED** that PennEast shall provide the Landowners, either personally or through counsel, with a least forty-eight (48) hours' notice by telephone (or other method of communication if the parties so agree) of the time-frame in which PennEast plans to enter the Property, before PennEast enters the Rights of Way and/or Workspace Easement for survey and/or construction; and it is further

**ORDERED** that this Order does not affect Defendants' rights to receive just compensation for the condemnation of the Rights of Way and/or Workspace Easement, which shall be decided in subsequent proceedings in this matter; and it is further

**ORDERED** that the Court, on its own motion, hereby appoints, at the sole cost and expense of PennEast, the following individuals as Special Masters/Condemnation Commissioners to adjudicate and determine the quantum of just compensation:

The Honorable James R. Zazzali, C.J. (Ret.)
Gibbons P.C.
One Gateway Center
Newark, NJ 07102
jzazzali@gibbonslaw.com

The Honorable Joel A. Pisano, U.S.D.J. (Ret.)
Walsh Pizzi O'Reilly Falanga LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600

Newark, NJ 07102
jpisano@walsh.law

The Honorable Kevin J. O'Toole
O'Toole Scrivo Fernandez Weiner Van Lieu, LLC
14 Village Park Road
Cedar Grove, NJ 07009
kotoole@oslaw.com

Joshua Markowitz, Esquire
Markowitz Law Firm LLC
3131 Princeton Pike
Building 3D, Suite 200
Lawrenceville, NJ 08648
joshm@mgs-law.com

Shoshana Schiff, Esquire
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue
Roseland, NJ 07068
sschiff@msbnj.com

and it is further

**ORDERED** that PennEast and the Special Masters/Condemnation Commissioners shall enter into the appropriate retainer agreements; and it is further

**ORDERED** that the Court, along with the Special Master/Condemnation Commissioners, shall hold a case management conference on **February 14, 2019, at 10:00 a.m. in Courtroom 1 of the Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608**, regarding the protocol for determining just compensation; and it is further

**ORDERED** that, in the event of a violation of this Order by property owners or PennEast, the United States Marshal Service, or a law enforcement agency it designates, shall be authorized to investigate and to arrest, confine and/or bring before the Court any persons found to be in violation and in contempt of this Order, pending his/her compliance with this Order.

Date: 1/25/19

**HON. BRIAN R. MARTINOTTI**
**United State District Judge**

215831704v1

# Exhibit A

# EXHIBIT A

1016-5-6
PE-HU-105.000

**Legend**

- Proposed Centerline
- Temporary Easement
- Additional Temporary Workspace
- Permanent Easement

210 Feet

PennEast

| Date: | 8/23/2017 | Temporary Workspace (Ac): | 1.80 |
|---|---|---|---|
| Line List No: | PE-HU-105.000 | Additional Temporary Workspace (Ac): | 1.35 |
| Parcel No: | 1016-5-6 | Permanent Easement (Ac): | 2.12 |
| Pipeline Length (feet): | 1,876.63 | Limits of Disturbance (Ac): | 5.27 |

NOTE: ACTUAL LOCATION OF EASEMENT IS DETERMINED BY THE PIPELINE AS INSTALLED. PROPERTY BOUNDARIES ARE BASED ON APPROXIMATIONS BASED ON CURRENT AVAILABLE DATA AND ARE SUBJECT TO CHANGE. PIPELINE CENTERLINE LOCATION IS BASED ON GPS DATA.