**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

IN RE PENNEAST PIPELINE COMPANY, LLC

First Filed Case No. 18-1585
(See Ex. A. for all Case Numbers)

**ORDER REGARDING CONDEMNATION COMMISSIONERS' DUTIES AND AUTHORITIES**

*Electronically Filed*

**THIS MATTER** having been brought before the Court upon its own motion appointing the Hon. James R. Zazzali, C.J. (ret.), the Hon. Joel A. Pisano, U.S.D.J (ret.), the Hon. Kevin J. O'Toole, Joshua Markowitz, Esq. and Shoshana Schiff, Esq. as Special Masters/Condemnation Commissioners ("Condemnation Commissioners") to adjudicate and determine the quantum of just compensation of the respective Rights of Way in the proceedings set forth on Exhibit A; and for good cause shown;

**IT IS** on this 31ST day of January, 2019;

**ORDERED** that:

1. **Duties of the Condemnation Commissioners**

The Condemnation Commissioners shall proceed to adjudicate and determine the amount of just compensation for the condemnation of the respective Rights of Way that are at issue in these cases.

The Condemnation Commissioners shall have the rights, powers, and duties provided to it pursuant to Fed. R. Civ. P. 71.1(h)(2), *et seq*. and Fed. R. Civ. P. 53 and may adopt such procedures that are not inconsistent with these Rules or other orders of the Court.

The Condemnation Commissioners shall maintain a complete record of evidence considered in adjudicating and determining the quantum of just compensation based on that evidence. All substantive hearings before the Condemnation Commissioners shall be stenographically recorded by a court reporter, subject to the Condemnation Commissioners' preference and the agreement of both parties. The Court reporter shall make the transcripts available to the Condemnation Commissioners within 7 days of the hearing.

As agents and officers of the Court, the Condemnation Commissioners shall enjoy the same protection from being compelled to give testimony and from liability and damages as those enjoyed by other federal judicial adjuncts performing similar functions.

**2. Ex Parte Communications**

The Condemnation Commissioners may communicate *ex parte* with the Court at their discretion, without providing notice to the parties, for the purposes of providing updates on the status of the proceedings. The Condemnation Commissioners may not communicate *ex parte* with any attorney on substantive matters without providing notice and giving the other parties in interest the opportunity to object. The Condemnation Commissioners may have *ex parte* communications with attorneys regarding administrative matters. Where the Condemnation Commissioners engage in an *ex parte* communication, a record shall be kept of any such communication.

**3. Judicial Review of Condemnation Commissioners' Findings and Recommendations**

After issuing an order or report, the Condemnation Commissioners shall reduce the order or report to writing and file it electronically on the case docket via Electronic Case Filing ("ECF").

Any party objecting to an order or report of the Condemnation Commissioners shall file such objections within fourteen (14) days after service of the Condemnation Commissioners' order or report, which shall be filed with the objections and shall be deemed a recommendation to this Court.

The Court shall review the findings of the Condemnation Commissioners according to the standards of review set forth in Fed. R. Civ. P. 53(f)(3-5). Any appeals shall be heard by the Hon. Brian R. Martinotti, U.S.D.J.

**4. Compensation of the Condemnation Commissioners**

Plaintiff PennEast Pipeline Company, LLC ("PennEast") shall be responsible for all fees and expenses relating to the adjudication and determination of the quantum of just compensation and PennEast and the Condemnation Commissioners shall enter into appropriate retainer agreements.

**5. Procedures**

The submissions related to any adjudication and determination of just compensation authorized by the Condemnation Commissioners shall be submitted directly to the Condemnation Commissioners via email in electronic format or in any other manner directed by the Condemnation Commissioners. All submissions shall comply with applicable Federal or Local Rules of Civil Procedure, unless otherwise ordered by the Condemnation Commissioners. Nothing herein shall preclude the Condemnation Commissioners from adopting or utilizing informal procedures to resolve disputes, including, but not limited to, in-person telephone conferences, a requirement that the parties meet and confer, submission and/or exchange of letters in lieu of briefs, or any other method chosen by the Condemnation Commissioners.

**6. Mandatory Submissions by Plaintiff**

No later than February 7, 2019, Plaintiff shall submit to the Condemnation Commissioners and each party a letter submission, ***not to exceed 3 pages***, that contains and discusses the following categories of information:

a. A brief description of the nature of the specific property at issue, the proposed Right(s) of Way, the appraisal for the Right(s) of Way, the impact of the proposed Right(s) of Way on the interested parties in that case (to the extent known), and the amount of bond to be posted;

b. A brief description of any issues that Plaintiff believes may arise among the parties that will need to be resolved by Condemnation Commissioners prior to adjudicating and determining just compensation for the respective Right(s) of Way;

c. Whether Plaintiff anticipates the need for discovery prior to the Parties making submissions to the Condemnation Commissioners regarding the amount of compensation to be awarded for the Right(s) of Way;

d. Any other information Plaintiff deems pertinent and appropriate to bring to the attention of the Condemnation Commissioners.

Plaintiff shall send this information in the following manner: (i) via email in electronic format to the Condemnation Commissioners and counsel for each party that has appeared in this case; and (ii) via first class mail to all parties that have appeared *pro se* or have not appeared.

**7. Mandatory Submissions by Other Parties**

No later than March 7, 2019, Defendant(s), Interested Parties (as defined in the Complaint in each case), and all other parties-in-interest, shall submit to the Condemnation Commissioners and Plaintiff's counsel via email in an electronic format, a letter submission, ***not to exceed 3 pages***, that contains and discusses the following categories of information in response to Plaintiff's submission:

a. A brief description of the impact of the proposed Right(s) of Way on the property owner(s) and interest holders and an appraisal for the proposed Right(s) of Way, to the extent one has been obtained, if the party does not accept the valuation set forth in Plaintiff's appraisal.

b. A brief description of any issues that the party believes may arise among the parties that will need to be resolved by Condemnation Commissioners prior to adjudicating and determining just compensation for the respective Right(s) of Way;

c. Whether Plaintiff anticipates the need for discovery prior to the Parties making submissions to the Condemnation Commissioners regarding the amount of compensation to be awarded for the Right(s) of Way;

d. Whether the Defendant believes that an in-person conference before the Condemnation Commissioners is necessary prior to the Condemnation Commissioners' conducting a hearing on the proper amount of compensation to be awarded for the proposed Right(s) of Way;

**8. Contact Information**

The Condemnation Commissioners' names, business addresses, and telephone numbers are as follows:

The Honorable James R. Zazzali, C.J. (ret.)
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102
jzazzali@gibbonslaw.com

The Honorable Joel A. Pisano, U.S.D.J. (ret.)
Walsh Pizzi O'Reilly Falanga LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
jpisano@walsh.law

The Honorable Kevin J. O'Toole
O'Toole Scrivo Fernandez Weiner Van Lieu, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
kotoole@oslaw.com

Joshua Markowitz, Esq.
Markowitz Law Firm LLC
3131 Princeton Pike
Building 3D, Suite 200
Lawrenceville, New Jersey 08648
joshm@mgs-law.com

Shoshana Schiff, Esq.
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
sschiff@msbnj.com

HONORABLE BRIAN R. MARTINOTTI,
United States District Judge

**EXHIBIT A**

3:18-cv-1585-BRM-DEA
3:18-cv-1588-BRM-DEA
3:18-cv-1590-BRM-DEA
3:18-cv-1597-BRM-DEA
3:18-cv-1603-BRM-DEA
3:18-cv-1609-BRM-DEA
3:18-cv-1613-BRM-DEA
3:18-cv-1621-BRM-DEA
3:18-cv-1624-BRM-DEA
3:18-cv-1638 BRM-DEA
3:18-cv-1641-BRM-DEA
3:18-cv-1643-BRM-DEA
3:18-cv-1646-BRM-DEA
3:18-cv-1648-BRM-DEA
3:18-cv-1654-BRM-DEA
3:18-cv-1656-BRM-DEA
3:18-cv-1658-BRM-DEA
3:18-cv-1660-BRM-DEA
3:18-cv-1662-BRM-DEA
3:18-cv-1665-BRM-DEA
3:18-cv-1666-BRM-DEA
3:18-cv-1668-BRM-DEA
3:18-cv-1669-BRM-DEA
3:18-cv-1670-BRM-DEA
3:18-cv-1672-BRM-DEA
3:18-cv-1673-BRM-DEA
3:18-cv-1682-BRM-DEA
3:18-cv-1684-BRM-DEA
3:18-cv-1689-BRM-DEA
3:18-cv-1694-BRM-DEA
3:18-cv-1695-BRM-DEA
3:18-cv-1697-BRM-DEA
3:18-cv-1699-BRM-DEA
3:18-cv-1701-BRM-DEA
3:18-cv-1706-BRM-DEA
3:18-cv-1709-BRM-DEA
3:18-cv-1715-BRM-DEA
3:18-cv-1721-BRM-DEA
3:18-cv-1722-BRM-DEA
3:18-cv-1726-BRM-DEA
3:18-cv-1729-BRM-DEA
3:18-cv-1731-BRM-DEA
3:18-cv-1743-BRM-DEA
3:18-cv-1745-BRM-DEA
3:18-cv-1748-BRM-DEA
3:18-cv-1750-BRM-DEA
3:18-cv-1754-BRM-DEA
3:18-cv-1756-BRM-DEA
3:18-cv-1757-BRM-DEA
3:18-cv-1759-BRM-DEA
3:18-cv-1763-BRM-DEA
3:18-cv-1765-BRM-DEA
3:18-cv-1774-BRM-DEA
3:18-cv-1776-BRM-DEA
3:18-cv-1778-BRM-DEA
3:18-cv-1779-BRM-DEA
3:18-cv-1798-BRM-DEA
3:18-cv-1801-BRM-DEA
3:18-cv-1802-BRM-DEA
3:18-cv-1806-BRM-DEA
3:18-cv-1809-BRM-DEA
3:18-cv-1811-BRM-DEA
3:18-cv-1812-BRM-DEA
3:18-cv-1814-BRM-DEA
3:18-cv-1816-BRM-DEA
3:18-cv-1819-BRM-DEA
3:18-cv-1822-BRM-DEA
3:18-cv-1832-BRM-DEA
3:18-cv-1838-BRM-DEA
3:18-cv-1845-BRM-DEA
3:18-cv-1846-BRM-DEA
3:18-cv-1851-BRM-DEA
3:18-cv-1853-BRM-DEA
3:18-cv-1855-BRM-DEA
3:18-cv-1859-BRM-DEA
3:18-cv-1863-BRM-DEA
3:18-cv-1866-BRM-DEA
3:18-cv-1868-BRM-DEA
3:18-cv-1869-BRM-DEA
3:18-cv-1874-BRM-DEA
3:18-cv-1896-BRM-DEA
3:18-cv-1897-BRM-DEA
3:18-cv-1904-BRM-DEA
3:18-cv-1905-BRM-DEA
3:18-cv-1909-BRM-DEA
3:18-cv-1915-BRM-DEA
3:18-cv-1918-BRM-DEA
3:18-cv-1924-BRM-DEA
3:18-cv-1934-BRM-DEA
3:18-cv-1937-BRM-DEA
3:18-cv-1938-BRM-DEA
3:18-cv-1942-BRM-DEA
3:18-cv-1951-BRM-DEA
3:18-cv-1973-BRM-DEA
3:18-cv-1974-BRM-DEA
3:18-cv-1976-BRM-DEA
3:18-cv-1983-BRM-DEA
3:18-cv-1986-BRM-DEA
3:18-cv-1989-BRM-DEA
3:18-cv-1990-BRM-DEA
3:18-cv-1991-BRM-DEA
3:18-cv-1995-BRM-DEA
3:18-cv-1996-BRM-DEA
3:18-cv-1997-BRM-DEA
3:18-cv-1998-BRM-DEA
3:18-cv-1999-BRM-DEA
3:18-cv-2000-BRM-DEA
3:18-cv-2001-BRM-DEA
3:18-cv-2003-BRM-DEA
3:18-cv-2004-BRM-DEA
3:18-cv-2014-BRM-DEA
3:18-cv-2015-BRM-DEA
3:18-cv-2016-BRM-DEA
3:18-cv-2020-BRM-DEA
3:18-cv-2025-BRM-DEA
3:18-cv-2028-BRM-DEA
3:18-cv-2031-BRM-DEA
3:18-cv-2033-BRM-DEA
3:18-cv-2139-BRM-DEA
3:18-cv-2508-BRM-DEA